UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK,<br><br>    *Plaintiff*,<br><br>v.<br><br>MCGRAW MEDIA, INC., JORDAN MCGRAW, BEHIND THE BADGE LLC, AND JOHN AND JANE DOES 1-20,<br><br>    *Defendants*. | No. _____ |

## NOTICE OF REMOVAL

McGraw Media, Inc., Jordan McGraw, and Behind the Badge LLC ("Defendants"), Defendants in Case Number 2026-000814 in the Supreme Court of the State of New York, County of New York (the "State Court Action"), gives notice to this Court of removal of that cause of action to this Court as follows:

### I.    TIMELINESS OF REMOVAL

1. On January 21, 2026, Plaintiff filed Plaintiff's Verified Complaint (the "Complaint") against Defendants in the State Court Action. A copy of the Complaint is attached hereto and filed contemporaneously herewith in accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1.

2. On January 21, 2026, Plaintiff filed its Complaint against Defendants. Defendants retrieved the Complaint from the public docket on that same date after Plaintiff served Defendants a copy of a Temporary Restraining Order and supporting papers entered by the Honorable Judge Carol Sharpe of the Supreme Court of New York, County of New York (the "TRO"). The TRO was entered yesterday without notice to Defendants. In its Complaint, Plaintiff alleges claims for

breach of contract, indemnification, trademark infringement and dilution by tarnishment under the Lanham Act and New York State unfair competition laws, and declaratory and injunctive relief.

3. The Doe defendants are unknown to Plaintiff and, on information and belief, have not been served at the filing of this Notice of Removal (Compl. at ¶ 5).

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after the receipt by Defendants of the copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b).

## II. THE PARTIES

5. Plaintiff, the City of New York, is a municipal corporation, organized under the laws of the State of New York.

6. Defendant Jordan McGraw is an individual who resides in California and is, therefore, a citizen of the State of California.

7. Defendant McGraw Media, Inc. is now and was at the commencement of this litigation a Texas corporation with its principal place of business at 4245 Kemp Boulevard, Suite 406, Wichita Falls, Texas 76308.

8. Defendant Behind the Badge LLC is Texas limited liability company having its principal place of business at 1400 11th Street, Wichita Falls, Texas 76301. Jordan McGraw is the sole managing member with a Texas business address of 4245 Kemp Boulevard, Suite 406, Wichita Falls, Texas 76308.

9. Defendants named herein as Does 1 through 20, inclusive, are unknown to Plaintiff (Compl. at ¶ 5).

## III. BASIS FOR REMOVAL

**A.   The Parties to the Lawsuit Are Diverse.**

10. This is a civil action between citizens of different states:

    a.    The City of New York is considered a citizen of New York State for diversity purposes. *Schiavone Const. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996). Thus, Plaintiff is now and was at the commencement of this litigation a citizen of New York.

    b.    Defendant Jordan McGraw is now and was at the commencement of this litigation a citizen of California.

    c.    Defendant McGraw Media, Inc. is now and was at the commencement of this litigation a Texas corporation, with its principal place of business in Texas. Defendant McGraw Media, Inc. is therefore a citizen of Texas.

    d.    Defendant Behind the Badge LLC is Texas limited liability company with its principal place of business in Texas. Defendant Behind the Badge LLC has one member, Jordan McGraw, who resides in California. Therefore, Defendant Behind the Badge LLC is a citizen of California.

    e.    The Doe defendants are unknown (Compl. at ¶ 5). As such, their citizenship "shall be disregarded" in the diversity of citizenship analysis. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

*See* 28 U.S.C. §§ 1332(a)(1), 1441(a), (b).

    **B.**    **The Amount in Controversy Exceeds $75,000.00.**

11.    McGraw bears the burden of establishing that the amount in controversy exceeds $75,000, "by a preponderance of the evidence." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006). Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

allegations." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). McGraw meets its burden where it shows by a "preponderance of the evidence" that Plaintiff's request for damages exceeds $75,000. *Burr*, 478 F. Supp. 2d at 438 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "When the jurisdictional amount is not alleged in the plaintiff's pleading, a defendant must show 'that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Marcus v. Quattrocchi*, 715 F. Supp. 2d 524, 535 (S.D.N.Y. 2010) (quoting *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)).

12. Plaintiff's Complaint brings four causes of action but does not allege a jurisdictional amount.

13. First, Plaintiff asserts a breach of contract claim, including damages "in the amount to be ascertained at trial, plus applicable interest." (Compl. at ¶ 66). The Complaint alleges at least three instances where it identified Non-Usable Content and Vetoed Material, but which McGraw Media intends to disseminate in breach of its contractual duties. (Compl. at ¶¶ 56-65). Such extensive allegations of breach create a reasonable probability that Plaintiff's contract claim damages exceed the jurisdictional amount.

14. Second, Plaintiff assert an indemnification claim, whereby Plaintiff must "fully indemnify the City and hold the City harmless from any claims, judgments, awards, debts, expenses, damages, executor's claims, demand, and attorney's fees and costs that can be assigned to the City." (Compl. at ¶ 76). The Complaint alleges that Plaintiff has likely violated at least four New York statutory provisions as a result of Defendants alleged release, or intended release, of certain materials, any of which would expose Plaintiff to liability. (Compl. at ¶¶ 70-75). The

potential damages associated with Plaintiff's alleged liability and indemnification reasonably exceed the jurisdictional amount alone.

15. Third, Plaintiff brings a trademark infringement claim under the Lanham Act and New York State law. (Compl. at ¶¶ 77-96). Specifically, Plaintiff alleges that it holds the trademark logo of the NYPD, "which is world-renowned as one of the best and largest police forces in the world." (Compl. at ¶ 78). Plaintiff alleges that Defendants intend to distribute materials containing the NYPD trademark for its own financial gain. (Compl. at ¶ 89). Plaintiff seeks to disgorge any alleged profits retained by Defendants from the improper use of the NYPD trademarks. (Compl. at ¶ 95). Additionally, Plaintiff seeks treble damages and attorney's fees for Defendants' alleged willful trademark infringement pursuant to 15 U.S.C. § 1117(a). (Compl. at ¶ 96).

16. Under § 1117(a), a plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Additionally, under the treble damages provision, a plaintiff may be awarded as much as three times the amount of said damages. *Id.* Plaintiff's allegations, in conjunction with the treble damages available under § 1117(a), demonstrate, to a reasonable probability, that its trademark claims alone exceed the jurisdictional amount.

17. Fourth, Plaintiff seeks declaratory and injunctive relief. (Compl. at ¶¶ 97-104). "Where the plaintiff seeks injunctive relief, the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991).

18. Plaintiff's request for injunctive relief aims to prevent the alleged compromise of the lives and safety of those captured on film as part of the Behind the Badge project. (Compl. at ¶ 99). Additionally, Plaintiff seeks to prevent the alleged reputational harm of said persons.

(Compl. at ¶ 99). The value of the lives, safety, and reputations of others measured by the alleged impending harm, reasonably exceeds the jurisdictional limits.

19.     Plaintiff also seeks to recover punitive damages. (Compl. at 21). "The amount in controversy requirement may be met by a combination of economic and non-economic losses and punitive damages, so long as the punitive damages are permitted under the controlling law." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017). "Punitive damages are available under New York law for a claim of unfair competition." *Paz Sys., Inc. v. Dakota Grp. Corp.*, 514 F. Supp. 2d 402, 410 (E.D.N.Y. 2007). Thus, Plaintiff's request for punitive damages, in combination with its other damages, reasonably exceeds the jurisdictional amount.

20.     Any one of Plaintiff's claims, including its claim for punitive damages, reasonably exceeds the jurisdictional amount. The amount in controversy reasonably exceeds $75,000.

### C.    The Court Has Diversity Jurisdiction.

21.     Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because the lawsuit is between a plaintiff and defendants who are citizens of different states and the amount in controversy exceeds $75,000. All other procedural prerequisites for removal have been met.

### D.    The Court has federal question jurisdiction.

22.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Shapnik v. Hebrew Home for the Aged at Riverdale*, 535 F. Supp. 3d 301, 310 (S.D.N.Y. 2021).

23. Plaintiff brings a cause of action under the federal Lanham Act. (Compl. at ¶¶ 77-96). Plaintiff also seeks remedies under the Lanham Act, including that Defendants be restrained from trademark infringement and production of the Behind the Badge project. (Compl. at ¶¶ 91-93). Plaintiff "therefore raises a claim under the Lanham Act." *See Vij v. Jhanjee*, No. 24-CV-1621 (LJL), 2024 WL 1521298, at *2 (S.D.N.Y. Apr. 8, 2024) (finding nearly identical allegations to support federal question jurisdiction). "The presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Id.* (quoting *T & M Meat Fair, Inc. v. United Food & Com. Workers, Loc. 174, AFL-CIO*, 210 F. Supp. 2d 443, 448 (S.D.N.Y. 2002)). Plaintiff's Complaint confers federal question jurisdiction on the Court.

### IV. REMAINING PROCEDURAL REQUIREMENTS

24. This action is properly removed to this Court, because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a).

25. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders filed in the State Court Action. (*See* Exhibit A, Appendix of State Court Action Pleadings).

26. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice of Removal with the clerk in the State Court Action.

27. Pursuant to 28 U.S.C. § 1446(b)(2), all defendants who have been properly joined and served consent to removal.

### V. CONCLUSION

28. Defendants thus hereby remove this case to this Court based on the diversity of citizenship of the parties and the Court's federal question jurisdiction.

Dated: January 22, 2026          Respectfully submitted,

                                                      /s/ *Charles L. Babcock*
JACKSON WALKER LLP
Charles L. Babcock
SDNY #5451117
cbabcock@jw.com
Joel R. Glover
SDNY #5697487
jglover@jw.com
Duncan K. Robinson (*pro hac vice application forthcoming*)
drobinson@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4110 (fax)

*Counsel for McGraw Media, Inc., Jordan McGraw, and Behind the Badge LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2026, a true and correct copy of this document and its exhibits was filed with the Clerk of Court for the United States District Court, Southern District of New York, via the Court's CM/ECF system, and also that a true and correct copy of this document and its exhibits was served via email and certified mail, return receipt requested on Plaintiff's counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(1) as listed below:

Muriel Goode-Trufant
Blake Ahlberg
Elisa Lee
Maxwell Canty-Hilchey
New York City Law Department
100 Church Street, 3rd Floor
New York, New York 10007
mgoodetr@law.nyc.gov
bahlberg@law.nyc.gov
ellee@law.nyc.gov
mcanty-h@law.nyc.gov

                                                */s/ Joel R. Glover*
                                                Joel R. Glover