## SETTLEMENT AGREEMENT

**WHEREAS**, the City of New York ("NYC" or the "City") by and through New York City Police Department ("NYPD") commenced an action against McGraw Media, Inc. ("McGraw Media"), Jordan McGraw ("Mr. McGraw"), and Behind the Badge, LLC ("BTB") (collectively with McGraw Media and Mr. McGraw, the "McGraw Defendants") and obtained a temporary restraining order ("TRO") on January 21, 2026 by way of an *ex parte* order to show cause seeking to *inter alia* preliminarily enjoin the McGraw Defendants and anyone acting on their behalf from transferring, selling, disposing of, or in any way disseminating and/or distributing any video footage pertaining to the digital project entitled "Behind the Badge" (the "Project") involving numerous members of service of the NYPD without first removing particular content as identified by the City pursuant to the terms of the Project Agreement entered into on April 3, 2025 (the "Contract") in a plenary action filed in New York State Supreme Court, New York County, entitled *City of New York v. McGraw Media, et al.*, under Index No. 450505/2026 (the "State Court Action");

**WHEREAS**, the McGraw Defendants removed the State Court Action to the United States District Court, Southern District of New York by way of filing a notice of removal on January 22, 2026, entitled *City of New York v. McGraw Media, et al.*, filed under ECF No. 1:26-cv-00598-DLC (the "Federal Action");

**WHEREAS**, the TRO was continued on consent to March 27, 2026, and the parties otherwise put the litigation on hold, including obtaining extensions of time to respond to the Complaint on consent, with the understanding that the parties would work together on an episode-by-episode basis to incorporate edits and comments from the City to rough cuts of episodes provided by McGraw Media;

**WHEREAS**, the City, NYPD, and the McGraw Defendants (together, the "Parties" and each a "Party"), each desire to settle, resolve, and compromise all claims that they have asserted in, or could have asserted in, the State Court and Federal Actions;

**NOW, THEREFORE**, the Parties agree as follows:

1. During the pendency of this litigation, McGraw Media has provided the NYPD with rough cuts of episodes 1-6. The NYPD has provided McGraw Media with edits to episodes 1-4, and McGraw Media has revised episodes 1-4 to reflect those edits. With those edits, episodes 1-4 are acceptable to the City.

2. McGraw Media shall cut the remaining video footage into three additional episodes, for a total of nine episodes. McGraw Media will provide completed rough cuts of episodes 7-9 to the NYPD in a manner similar to the rough cuts provided for episodes 1-6. The NYPD will provide its edits on episodes 5-9 to McGraw Media and McGraw Media will incorporate the edits into those episodes.

3. The Parties anticipate that the following timeline for the remaining episodes is in effect:

| Remaining Episodes | McGraw Media's Anticipated Delivery Date for Rough Cuts | NYPD's Anticipated Feedback Delivery Date for Edits |
| --- | --- | --- |
| Episodes 5 and 6 | March 23, 2026 (*completed*) | April 3, 2026 |
| Episodes 7, 8, and 9 | April 3, 2026 | April 16, 2026 |

4. McGraw Media agrees to remove all content that the NYPD designates as inaccurate, confidential, or that the NYPD is legally prohibited from releasing; that reveal investigatory techniques; or that would otherwise compromise public safety or the public trust as

exclusively determined by the NYPD in its reasonable discretion ("Non-Usable Content"). McGraw Media also agrees to remove all content that portray the City or the NYPD in a negative light as exclusively determined by the NYPD in its reasonable discretion ("Vetoed Content").

5.  The City and McGraw Media agree not to disseminate to any person or in any format, now known or hereinafter developed, any Non-Usable Content or Vetoed Content as identified in writing by the NYPD.

6.  After the NYPD provides feedback on provided rough cuts of episodes as set forth in paragraphs 1-3 above, McGraw Media will incorporate such comments and deliver final episodes containing the requested and agreed upon edits to the NYPD (the "Finalized Episodes"). NYPD will promptly review the Finalized Episodes for final approval, which final approval will be communicated in writing by counsel for NYPD to counsel for the McGraw Defendants within seven business days.

7.  Simultaneously with the execution of this Agreement, the parties shall execute releases in the form attached hereto as Exhibit A (the "Releases"). After final approval of the Finalized Episodes by NYPD pursuant to paragraph 6 above, the Parties' executed Releases in the form attached hereto as Exhibit A will be released from escrow.

8.  Simultaneously with the execution of this Agreement, the parties shall execute stipulations of dismissal of the State Court Action and the Federal Action without prejudice. The stipulations of dismissal, in the form annexed hereto as Exhibit B, shall be filed by either party within one (1) business day of execution and mutual exchange of this Agreement and the Releases.

9.  The covenants, representations and other provisions contained herein shall survive the filing of the dismissal of the State Court Action and the Federal Action, and the final approval of the Finalized Episodes and the release of the Releases from escrow. Hon. Denise Cote, United

3

States District Judge of the Southern District of New York, or any United States District Judge of the Southern District of New York who is assigned this case, shall retain jurisdiction over this Settlement Agreement under the Federal Action to enforce its terms.

10.     If disagreements arise concerning review and incorporation of edits related to the Project prior to NYPD's final approval of the Finalized Episodes, the Parties shall promptly meet and confer prior to seeking judicial intervention.

11.     The Parties agree that they will not transfer, sell, dispose of, or in any way disseminate, distribute and/or publish any footage collected as part of the Project, except for the Finalized Episodes that received final approval by NYPD. The City agrees that McGraw Media retains the sole right to transfer, sell, dispose of, or in any way disseminate, distribute and/or publish the Finalized Episodes. The Parties acknowledge that they have not disseminated any video footage relating to the Project as of the date of the execution of this Settlement Agreement, and the Parties agree to destroy all copies of any video footage that is not part of the Finalized Episodes within 30 days of NYPD approval of the nine Finalized Episodes.

12.     Except as modified herein, the terms of the parties' Contract remain in full force and effect, including all rights, obligations, and remedies.  The December 31, 2025 letter from the City to McGraw constituted a City Withdrawal pursuant to paragraph 19 of the Contract. Except as modified herein, the terms of the Contract in the event of a City Withdrawal remain in full force and effect.

13.     This settlement resolves all claims that have been or could have been raised by City in the State Court and/or Federal Actions and any other claim the City has or may have arising out of or related to the Contract and all claims that any of the McGraw Defendants may have or could have asserted arising out of or related to the Contract or the State Court and/or Federal Actions.

4

14. The Parties each warrant that it has made no assignment, and will make no assignment, of any claims arising from or related to the State Court or Federal Actions, or the Contract, to any person or entity not a party to the State Court or Federal Actions or the Contract and that no other person or entity of any kind has any interest in any such claims.

15. The Parties acknowledge that they have retained legal counsel to negotiate this Settlement Agreement, have consulted said counsel concerning the terms and conditions of this Settlement Agreement, and understand each and every term and consequence thereof, and knowingly and voluntarily enter into this Settlement Agreement. None of the Parties has relied on any representation not contained herein. Each of the undersigned signatories covenants and represents that it is authorized to enter into this Settlement Agreement with full force and effect on behalf of the Party represented. The Parties knowingly and forever waive and relinquish any right or claim whatsoever to directly or collaterally attack the validity of this Settlement Agreement on any grounds including, but not limited to, unconscionability, duress, coercion, lack of adequate legal representation, physical or mental incapacity, incompetence, or any claim of counsel's conflict of interest.

16. The Parties agree that each Party bears its own costs related to the State Court and Federal Actions, including but not limited to all costs related to the negotiation of the settlement and the execution of this Settlement Agreement.

17. The delay or failure to enforce or seek enforcement of any right under this Settlement Agreement shall not constitute or be construed as: (i) a waiver of such rights; (ii) a waiver of any remedy to enforce such rights; or (iii) an acquiescence in any default.

18. This Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties and their successors, assigns, or legal representatives.

19. The execution of this Settlement Agreement and the delivery and receipt of the Finalized Episodes and/or the Releases shall in no way be construed as an admission of liability, wrongdoing or neglect on the part of any Party, or that the claims are either with or without merit. Each Party acknowledges that this Settlement Agreement was entered into so as to avoid time, expense and risk of litigation. Neither this Settlement Agreement nor the fact of its execution nor any of its provisions shall be offered or received in evidence in any action or proceeding of any nature or otherwise referred to or used in any manner whatsoever, except as evidence of the making of this Settlement Agreement or to enforce the terms thereof after its execution by the Parties hereto.

20. If any one or more of the provisions of this Settlement Agreement shall be deemed to be illegal or unenforceable, such illegality or unenforceability shall not affect any of the remaining legal and enforceable provisions hereof, which shall be construed as if such illegal or unenforceable provision or provisions had not been inserted.

21. This Settlement Agreement shall be interpreted pursuant to the laws of the State of New York and any claim to enforce any right or obligation hereunder shall be brought in the Federal Action. For purposes of construing any ambiguities in this Settlement Agreement, no Party shall be considered the drafter.

22. The Parties agree that this Settlement Agreement, together with the Stipulations of Dismissal and Releases, contains all the terms and conditions agreed to by the Parties hereto, and supersedes all prior negotiations, representations, and agreements, whether written or oral. This Settlement Agreement may not be altered, modified, or amended in any manner whatsoever except by written instrument signed by the Parties granting such modification, amendment, or waiver, and then such modification, amendment, or waiver shall be effective only in the specific instance

6

and for the express purpose for which it was given.

23.     The Parties agree that this Settlement Agreement, together with the Stipulations of Dismissal, may be executed in counterparts, each of which shall be deemed an original as against the Party whose signature appears thereon, all of which shall together constitute one and the same instrument, and an electronic or facsimile copy may be treated as an original.

**CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT**

**MCGRAW MEDIA, INC.**

By: _____
Richard Schulsohn
Chief Assistant Corporation Counsel
New York City Law Department

By: _____

Name:
Title:

**BEHIND THE BADGE LLC**

By: _____

Name:
Title:

_____
JORDAN MCGRAW

SO ORDERED.

_____
DENISE COTE
United States District Judge

Dated:
New York, New York

March 30, 2026

7

## RELEASE

**To all to whom these Presents shall come or may Concern, Know That**

**MCGRAW MEDIA, INC., JORDAN MCGRAW, and BEHIND THE BADGE LLC**

as **RELEASOR**, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, releases and discharges

**THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT**

as **RELEASEES, RELEASEES'** officials, employees, attorneys, representatives and agents, past and present, heirs, executors, administrators, successors and assigns (collectively, the "RELEASEES") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or equity, admiralty or equity, which against the **RELEASEES**, the **RELEASOR**, and/or the **RELEASOR'S** members and affiliated entities and **RELEASOR'S** successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world up to the day of the date of this **RELEASE** (the "RELEASE"), relating to or arising from (i) the project agreement entered into between the City of New York and McGraw Media, Inc., in or about April 3, 2025 (the "Contract") pertaining to the digital project entitled "Behind the Badge" (the "Project"); or (ii) any claim raised, or which could have been raised, against **RELEASEES** in the action entitled *City of New York v. McGraw Media, et al.*, under Index No. 450505/2026 (the "State Court Action") and/or in the action entitled *City of New York v. McGraw Media, et al.*, filed under ECF No. 1:26-cv-00598-DLC (the "Federal Action"), except nothing in this **RELEASE** shall release the **RELEASEES** from its rights and obligations under the Settlement Agreement dated March 27, 2026.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This **RELEASE** may not be changed orally.

[Remainder of page left intentionally blank.]

**In Witness Whereof,** the **RELEASOR** has caused this **RELEASE** to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on the 27th day of March 2026.

**In presence of:**

                       **MCGRAW MEDIA INC., JORDAN MCGRAW, and BEHIND THE BADGE LLC**

By: _____

Name:  Jordan M'Graw

Title:  President

                              → *see ATTACHED CERTIFICATE*

*STATE OF* _____, *COUNTY OF* _____ *ss.:*

On the ___ day of _____, 20__ before me personally came _____,
to me known or proved to me on the basis of satisfactory evidence to be the individual whose name
is subscribed to the above instrument, who being by me duly sworn, did depose and say that (s)he is
the President of McGraw Media, Inc., the entity described in and which executed the above
instrument; and that (s)he was duly authorized by McGraw Media, Inc., to execute this instrument
on its behalf.

_____
                    NOTARY PUBLIC

*STATE OF* _____, *COUNTY OF* _____ *ss.:*

On the ___ day of _____, 20__ before me personally came _____,
to me known or proved to me on the basis of satisfactory evidence to be the individual whose name
is subscribed to the above instrument, who being by me duly sworn, did depose and say that (s)he is
the Sole Member of Behind the Badge LLC, the entity described in and which executed the above
instrument; and that (s)he was duly authorized by Behind the Badge LLC, to execute this instrument
on its behalf.

_____
                    NOTARY PUBLIC

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

On _March 27, 2026_ before me, _Kavan James Reece Notary Public_,
(Here insert name and title of the officer)

personally appeared _Jordan McGraw_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public

(Notary Seal)

KAVAN JAMES REECE
Notary Public - California
Los Angeles County
Commission # 2459176
My Comm. Expires Aug 14, 2027

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_RELEASE_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer

_____
(Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they; is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

## RELEASE
**To all to whom these Presents shall come or may Concern, Know That**

### THE CITY OF NEW YORK

as **RELEASOR**, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, releases and discharges

**MCGRAW MEDIA, INC., JORDAN MCGRAW, and BEHIND THE BADGE LLC**

the **RELEASEES, RELEASEES'** officials, employees, attorneys, representatives and agents, past and present, heirs, executors, administrators, successors and assigns (collectively, the "RELEASEES") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or equity, admiralty or equity, which against the **RELEASEE**, the **RELEASOR**, and/or the **RELEASOR'S** members and affiliated entities and **RELEASOR'S** successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world up to the day of the date of this **RELEASE** (the "RELEASE") relating to or arising from (i) the project agreement entered into between the City of New York and McGraw Media, Inc., in or about April 3, 2025 (the "Contract") pertaining to the digital project entitled "Behind the Badge" (the "Project"); or (ii) any claim raised, or which could have been raised, against **RELEASEES** in the action entitled *City of New York v. McGraw Media, et al.*, under Index No. 450505/2026 (the "State Court Action") and/or in the action entitled *City of New York v. McGraw Media, et al.*, filed under ECF No. 1:26-cv-00598-DLC (the "Federal Action"), except nothing in this **RELEASE** shall release the **RELEASEES** from its rights and obligations under the Settlement Agreement dated March 27, 2026.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This **RELEASE** may not be changed orally.

In Witness Whereof, the **RELEASOR** has caused this **RELEASE** to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on the 27th day of March 2026.

In presence of:

### THE CITY OF NEW YORK

By _____

Richard Schulsohn
Chief Assistant Corporation Counsel

*STATE OF NEW YORK, COUNTY OF NEW YORK ss.:*

On March 27, 2026 before me, personally appeared Richard Schulsohn, personally known or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the above instrument, who, being by me duly sworn, did duly depose and say that (s)he is Chief Assistant Corporation Counsel of the New York City Law Department and that (s)he was duly authorized by the City of New York and the New York City Police Department to execute this instrument on behalf of each of them.

NOTARY PUBLIC

LEE ELISA JOONHEE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LE6322806
Qualified In Kings County
My Commission Expires April 13, 2027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

        Plaintiff,

        v.

MCGRAW MEDIA, INC., JORDAN
MCGRAW, BEHIND THE BADGE
LLC, and JOHN AND JANE DOES
1-20,

        Defendants.

**STIPULATION OF
VOLUNTARY
DISMISSAL
PURSUANT TO
F.R.C.P. 41(a)(1)(A)(ii)**

Case No.: 26-cv-00598
(DLC)

## STIPULATION OF VOLUNTARY DISMISSAL
## PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

IT IS HEREBY STIPULATED AND AGREED by and between the parties, as represented

by the undersigned counsel, that the above-captioned action is voluntarily dismissed, without

prejudice against Defendants McGraw Media, Inc., Jordan McGraw, and Behind the Badge LLC

pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii);

[remainder of page intentionally left blank]

IT IS FURTHER STIPULATED AND AGREED by and between the parties that the parties respectfully request that this Court retain jurisdiction over the parties' so-ordered Settlement Agreement; and

IT IS FURTHER STIPULATED AND AGREED that facsimile or e-mail signatures on this stipulation shall be accepted as originals on this stipulation.

Dated:  New York, New York
       March 27, 2026

**STEVEN BANKS**
Corporation Counsel
*Attorneys for Plaintiff*
100 Church Street, Third Floor
New York, New York 10007
(212) 356-2532

By: _____
      Richard Schulsohn
      Chief Assistant Corporation Counsel

**JACKSON WALKER LLP**
*Attorneys for Defendants*
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4226

By: _____/s_____
      Joel Glover, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                 Plaintiff,

-against-

MCGRAW MEDIA, INC., JORDAN MCGRAW,
BEHIND THE BADGE LLC, and JOHN AND JANE
DOES 1-20,

                                Defendants.

**STIPULATION OF
DISCONTINUANCE**

Index No. 450505/2026

City File No: 2026-000814

---------------------------------------------------------------- x

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as represented by the undersigned counsel, that: (1) this action is hereby discontinued without prejudice and without award of costs, disbursements or attorney fees to either party; (2) this stipulation may be filed without further notice with the Clerk of the Court; and (3) facsimile or e-mail signatures on this stipulation shall have the full force and effect of original signatures.

Dated:  New York, New York
        March 27, 2026

**STEVEN BANKS**
Corporation Counsel
*Attorney for Plaintiff*
100 Church Street, Third Floor
New York, New York 10007
(212) 356-2532

**JACKSON WALKER LLP**
*Attorneys for Defendants*
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4226

By: _____
     Richard Schulsohn
     Chief Assistant Corporation Counsel

By: _____/s_____
     Joel Glover, Esq.